FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CARRI O. ADAMS,

      Defendant-Appellant.

No. 10-6255
(D.C. No. 5:10-CR-00011-D-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Defendant Carri O. Adams was tried and convicted, with co-defendant Wallace Laverne Lawrence III, on seven counts of wire fraud/aiding and abetting, 18 U.S.C. § 1343 and § 2, for her role in a scheme using internet ads to defraud persons seeking help in paying bills. The district court imposed a sentence of eighteen months on each count, to run concurrently, followed by two years of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release on each count, also to run concurrently, and ordered Adams to pay restitution of $7406. After timely initiation of this appeal, counsel moved to withdraw and filed an *Anders* brief explaining why he believes there to be no non-frivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967); 10th Cir. R. 46.4(B)(1). We grant the motion and dismiss the appeal.

Under *Anders*, counsel must first "conscientiously examine[] a case and determine[] that any appeal would be wholly frivolous," and then

> counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether the defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted). The *Anders* brief submitted in this case discusses three issues initially identified in the docketing statement, as well as a potential claim of ineffective assistance of counsel. Adams did not submit any additional arguments on her own behalf.

The first issue concerns the sufficiency of the evidence supporting Adams's conviction. As explained at greater length in our related decision affirming her co-defendant's conviction in *United States v. Lawrence*, No. 10-6257, ample evidence demonstrated the existence of the fraudulent scheme and Adams's participation in it, establishing in particular her direct or aiding and abetting liability for the internet ads underlying the wire fraud counts. In fact, the

evidence indicated that it was her computer experience that played an important role in the incorporation of internet ads into the scheme. We agree with counsel it would be frivolous to argue that "taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, [no] reasonable jury could find [Adams] guilty beyond a reasonable doubt." *United States v. Keck*, 643 F.3d 789, 793 (10th Cir. 2011) (internal quotation marks omitted).

The second issue concerns the district court's denial of Adams's motion to suppress evidence found during a warrant-based search of her vehicle following the arrest of her co-defendant, who was driving it at the time. The motion to suppress was based on the fact that the warrant mis-identified the model year and did not include the vehicle identification number (VIN). The district court noted that a factual error will not invalidate a warrant if it "otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched," *United States v. Lora-Solano*, 330 F.3d 1288, 1293 (10th Cir. 2003), and held that the warrant, which correctly identified not only the color, make, and model but license tag as well, adequately described the vehicle to be searched. R. Vol. 1 at 130 (also noting lack of any precedent for requiring a VIN to validate warrant for search of vehicle). The court added that suppression would not, in any event, be appropriate in light of the good faith of the officers securing and executing the warrant. *Id.* at 131 (citing *United States v. Leon*,

-3-

468 U.S. 897 (1984)).  Once again, we agree with counsel it would be frivolous to challenge this ruling on appeal.

The third issue concerns the asserted "incredibility" of co-defendant Sandra Acuna, who pled guilty and testified for the government at trial.  As counsel notes, witness credibility is generally not a proper issue for appeal.  We do not encroach upon the jury's authority in this area unless the testimony in question "is inherently incredible–that is, only if the events recounted by the witness were impossible under the laws of nature or the witness physically could not have possibly observed the events at issue."  *United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 3299 (2010).  Nothing of the sort is evident here.[1]

Finally, counsel notes that Adams now believes her trial counsel was constitutionally ineffective in various respects.  As this court clarified some time ago, however, ineffective assistance claims are reserved for collateral review in all but exceptional circumstances; on direct appeal, they are "presumptively dismissible, and virtually all will be dismissed."  *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  Here, it would be especially

---

[1]     Adams objected to admission of Acuna's plea agreement, in which Acuna agreed to provide truthful testimony, as an improper vouching for veracity.  But, as the district court noted, we have held that "it is perfectly permissible for a prosecutor to introduce a witness's plea agreement on direct examination, even if it includes a truthfulness provision."  *United States v. Harlow*, 444 F.3d 1255, 1262 (10th Cir. 2006).

inappropriate to pursue such matters, which were not raised, developed, or ruled on in the proceedings below. *See United States v. Flood*, 635 F.3d 1255, 1260-61 (10th Cir. 2011) (noting ineffective assistance claims have been considered on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists").

We have also conducted a thorough independent review of the record and have not uncovered any non-frivolous issues relating to Adams's conviction or sentence. As to the latter, we see no procedural error in the calculation of the applicable sentencing guideline range, nor any basis upon which she could rebut the presumption of substantive reasonableness attached to her within-guidelines sentence, *see generally United States v. Reyes-Alfonso*, 653 F.3d 1137, 1145-46 (10th Cir. 2011) (discussing presumption of reasonableness), *petition for cert. filed* (U.S. Oct. 25, 2011) (No. 11-7115).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-5-