FILED
United States Court of Appeals
Tenth Circuit

January 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICHOLAS JOSEPH RAMIREZ,

Defendant-Appellant.

No. 13-6158
(D.C. No. 5:12-CR-00090-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Defendant-Appellant Nicholas Joseph Ramirez pleaded guilty to conspiracy to

possess with intent to distribute and to distribute several controlled substances in

violation of 21 U.S.C. § 846 and § 841(b)(1)(C), and money laundering in violation

of 21 U.S.C. § 1956(a)(1) and (h). Although his plea agreement included a broad

waiver of appellate rights, he brought this appeal to challenge his conviction on the

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ground that his counsel rendered constitutionally deficient assistance in connection with his plea. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam), and counsel for Mr. Ramirez has filed a response opposing the motion. We grant the government's motion and dismiss the appeal, though we do so without prejudice to any post-conviction motion Mr. Ramirez may file under 28 U.S.C. § 2255 raising the ineffective-assistance claim he has attempted to assert here.

Mr. Ramirez expressly waived his right to appeal "his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." Dist. Ct. Doc. 365, at 9. As the government notes in its motion, that waiver encompasses a claim of ineffective assistance challenging his conviction or sentence. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But if such a claim "challeng[es] the validity of the plea or the waiver" itself, the waiver is ineffective. *Id.* It is solely on this basis that Mr. Ramirez opposes the government's motion.

Mr. Ramirez's ineffective-assistance claim is that counsel improperly advised him to plead guilty in this case without ensuring—either by timing or through a combined negotiation—that the resultant conviction here would not provide the basis for a significantly enhanced sentence in a concurrent prosecution in the United States District Court for the Eastern District of California. Without expressing any opinion as to the potential merit of such a claim, we do agree with Mr. Ramirez that this challenge to the adequacy of counsel's representation in plea negotiations appears to

- 2 -

be a challenge to the validity of his guilty plea within the meaning of our *Cockerham* decision.

But that is not the end of the matter. As our precedent makes clear, claims of ineffective assistance should in almost all cases be raised in collateral proceedings under § 2255; if "brought on direct appeal [they] are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). And "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Thus, absent extraordinary circumstances permitting an ineffective-assistance claim to be brought on direct appeal, when such a claim is raised to circumvent an appeal waiver the appropriate course is to dismiss the claim (leaving the appeal waiver in force) but preserve the defendant's right to pursue the claim on collateral review under § 2255. *See, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

Accordingly, the proper result here comes down to whether this is the rare case where an ineffective-assistance claim may properly be brought on direct appeal. We conclude it is not. "[T]his court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). As the emphasized conjunction in *Flood* points up, both of these conditions must be satisfied before this

court will hear an ineffective-assistance claim on a direct criminal appeal, and here the former is undeniably wanting (the latter is also likely unmet, but we need not pursue the matter). The district court, which "should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial," *Polly*, 630 F.3d at 1003, has thus far had no occasion to address Mr. Ramirez's ineffective-assistance claim. Consequently, the claim "must be dismissed without prejudice as improperly raised on direct appeal." *Id.* As that claim is the only basis for Mr. Ramirez's opposition to the government's motion to enforce his appeal waiver, we grant the motion.

The government's motion to enforce defendant-appellant's appeal waiver is granted and the appeal is dismissed. This disposition is without prejudice to any motion Mr. Ramirez may bring under § 2255 asserting the ineffective-assistance claim he has improperly asserted on this appeal.

Entered for the Court
Per Curiam