FILED
United States Court of Appeals
Tenth Circuit

April 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VICTOR A. HERNANDEZ-DELGADO,

      Defendant - Appellant.

No. 13-3319
(D.C. No. 2:12-CR-20066-KHV-JPO-44)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **MATHESON**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to

appeal, defendant Victor A. Hernandez-Delgado pleaded guilty to one count of

conspiracy to manufacture, to possess with intent to distribute, and to distribute

280 grams or more of cocaine base and 5 kilograms or more of cocaine. The

agreement acknowledges that "defendant knowingly and voluntarily waives any right

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," with the exception of any "claims with regard to ineffective assistance of counsel or prosecutorial misconduct," provided that "the Court imposes the sentence requested by the parties." Dist. Ct. doc. 666 at 8-9. The district court sentenced defendant to 180 months' imprisonment, consistent with the parties' joint recommendation under the agreement. Unhappy with his sentence, defendant initiated the instant appeal. The government has filed a motion to enforce the appeal waiver in the plea agreement. We grant the motion and dismiss the appeal.

The government's motion explains in facially sufficient fashion that this appeal implicates the appeal waiver, that the waiver was knowing and voluntary, and that there are no circumstances to suggest a miscarriage of justice to excuse the waiver. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when addressing a motion to enforce appeal waiver). In response, defendant's counsel explained that the issues defendant wished to pursue on appeal "are almost exclusively claims of ineffective assistance of counsel [that] would, as noted in [the government's] Motion for Enforcement, be more appropriately raised in a post-conviction proceeding under 28 U.S.C. § 2255." Defendant's Resp. to Mot. for Enforcement, at 2. The one exception was a claim that counsel's alleged ineffectiveness "render[ed] [defendant's] guilty plea involuntary," in that "he was not

- 2 -

afforded sufficient information about his case from his counsel" and as a result "counsel forced him to accept the plea . . . without any knowledge of what type of sentence he would have been lawfully subject to." *Id.* at 3, 4. Counsel also moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), which contemplates withdrawal by counsel in the event of a frivolous appeal. This court gave defendant an opportunity to reply to counsel's filing, but the deadline for that reply has passed with nothing forthcoming from defendant.

When appellate counsel moves to withdraw under *Anders*, we must examine the proceedings and determine whether the appeal is "wholly frivolous." *Id.* at 744. In the present context, that means we must assess whether there is a non-frivolous argument to be made in opposition to the government's motion to enforce the appeal waiver. We see none.

Claims of ineffective assistance should in nearly all cases be raised in collateral proceedings under § 2255; if "brought on direct appeal [they] are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Such claims may be considered on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Neither condition is satisfied here. Because "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel," *United States v. Porter*, 405 F.3d 1136,

1144 (10th Cir. 2005), the appropriate course is to dismiss the claim from the appeal, thereby leaving the appeal waiver in force, but preserve the defendant's right to pursue the claim on collateral review under § 2255, *see, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

That leaves defendant's contention that his plea was not knowing and voluntary because counsel did not provide him with information about the potential sentence he faced. This claim is flatly contradicted by the petition to enter the plea, the plea agreement, and the colloquy at defendant's plea hearing. These show that defendant was informed of the statutory minimum (ten years) and maximum (life) sentences applicable to the count of conviction, as well as the statutorily mandated life sentence he would have faced had the government not agreed to forgo seeking the enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851 based on several prior felony drug convictions. Moreover, to the extent defendant may be complaining that he misunderstood the relevant guideline range due to a mistaken estimation by counsel, erroneous guideline predictions by counsel do not make a plea unknowing or involuntary, particularly where, as here, the defendant expressly acknowledged that the applicable guideline range could not be anticipated with any certainty because it is a matter ultimately within the discretion of the district court. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("[S]tanding alone, an attorney's erroneous sentence estimate does not render a plea involuntary.").

In light of the above, opposition to the government's motion to enforce the appeal waiver would be wholly frivolous. We therefore grant the government's motion as well as counsel's motion to withdraw. The appeal is dismissed. This disposition is without prejudice to any motion brought by defendant under § 2255 asserting ineffective assistance of counsel.

Entered for the Court
Per Curiam