**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARIO HERNANDEZ,

      Defendant-Appellant.

No. 14-3066
(D.C. No. 6:13-CR-10150-EFM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **EBEL**, and **BACHARACH**, Circuit Judges.

---

This matter is before the court on the government's motion to dismiss

defendant Mario Hernandez's appeal because it falls within the scope of the appeal

waiver contained in his plea agreement or because his claims must be brought in a

collateral proceeding rather than on direct appeal. We grant the government's motion

and dismiss the appeal.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The defendant pleaded guilty to one count of distribution of 28.3 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a). The government agreed in the plea agreement to jointly recommend a sentence at the bottom of a guidelines range computed based upon "the mixture or substance, rather than the purity amount" of methamphetamine. Mot. to Enforce, Ex. C at 3. At the defendant's sentencing, the government asked the district court to impose a 57-month sentence. The court denied the parties' recommendation and instead sentenced the defendant to 69 months' imprisonment. The sentence imposed was a downward variance from the 87- to 108-month guidelines range found by the court, and was also below the statutory maximum penalty of 20 years' imprisonment.

In his plea agreement, under the heading Waiver of Appeal and Collateral Attack, the defendant "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." *Id.* at 5. He further "knowingly waive[d] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* But the plea agreement also provides that, notwithstanding the express waivers, "the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." *Id.*

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government also argued that the appeal should be dismissed because the claim the defendant intends to raise—ineffective assistance of counsel—must be brought in a collateral proceeding. *See United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003).

In response to the government's motion, the defendant does not argue that his appeal waiver was not knowing and voluntary, nor does he claim that enforcement of his waiver would result in a miscarriage of justice because the district court relied on an impermissible factor, his sentence exceeds the statutory maximum, or his waiver is otherwise unlawful. *See Hahn*, 359 F.3d at 1325, 1327. Therefore, we need not address these issues. *United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Rather, the defendant contends that his appeal does not fall within the scope of the waiver. According to his docketing statement, the defendant intends to raise the following issue in this appeal:

> Without specificity, appellant raises a pro se claim of ineffective assistance of counsel. Given the ultimate sentencing outcome, wherein the district court rejected the parties['] agreement to a lesser guideline range based on a mixture, instead of purity drug calculation, appellant may be raising an ineffective assistance of counsel claim with respect to the plea negotiations reached by his counsel.

Docketing Statement at 4. The defendant points to his express preservation of his right to bring "claims with regards to ineffective assistance of counsel." Mot. to Enforce, Ex. C at 5. He notes further that enforcement of an appellate waiver results in a miscarriage of justice "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid." *Hahn*, 359 F.3d at 1327.

We agree with the defendant that his stated appeal issue is within the scope of the claims that he expressly did not waive in his plea agreement. He did not, however, expressly preserve a right to bring an ineffective assistance of counsel claim in his direct appeal. And the defendant acknowledges this court's rule that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). "Indeed, we have followed this practice even when the issues on direct appeal are sufficiently developed for us to pass judgment, reasoning that we benefit from the views of the district court regarding such claims." *Edgar*, 348 F.3d at 869. The defendant advances no argument that his case is the "rare exception" in which this court should consider his ineffective assistance claim on direct appeal. *Id.*; *see also United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (describing limited circumstances under which ineffective assistance claims would be considered on direct appeal).

Accordingly, we grant the government's motion to dismiss this appeal, without prejudice to the defendant raising in a collateral proceeding any ineffective assistance claims he elects to pursue.

Entered for the Court
Per Curiam