**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELMER DON WHITTAKER, a/k/a E.D.,

Defendant - Appellant.

No. 15-7040
(D.C. No. 6:12-CR-00065-RAW-6)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Elmer Don Whittaker pleaded guilty to maintaining drug-involved premises, in violation of 21 U.S.C. § 856. He was sentenced to 108 months' imprisonment. Whittaker filed an appeal, and the government has moved to enforce Whittaker's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

## I.

In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In his plea agreement, Whittaker waived his right to appeal his conviction and sentence, while reserving the right to appeal a sentence that exceeded the statutory maximum. Whittaker separately signed the waiver section of the plea agreement, affirming that his counsel had explained his appellate rights, that he understood those rights, and that he was knowingly and voluntarily waiving and relinquishing them. According to his Docketing Statement, Whittaker intends to argue on appeal that "[t]he Court incorrectly included drug quantities for which this Defendant had not jointly undertaken the criminal activity of the distribution of the same." Dock. Stmt. at 3.

## II.

Shortly after his appeal was docketed, Whittaker's counsel filed a motion to withdraw as counsel. The court denied that motion without prejudice because it failed to satisfy this court's rules. After the government filed its motion to enforce

Whittaker's appeal waiver and ordered Whittaker to file a response, he filed a pro se Motion for Appointment of Counsel, which the court denied because he was already represented by counsel. Whittaker then filed two more pro se motions, which the court construed as seeking reconsideration of its denial of his Motion for Appointment of Counsel. In these filings, Whittaker asked the court to appoint replacement counsel, indicating that he and his current counsel were in conflict regarding his appeal. Whittaker's pro se motions seeking replacement counsel remain pending.

Whittaker's counsel filed a response to the government's motion to enforce the appeal waiver. In that response, counsel stated that he "cannot contest" the motion. Resp. at 1. He further advised that "[c]ounsel has not identified an arguable appeal ground outside the scope of the waiver," *id.* at 2; that it is "indisputable" that Whittaker's appeal waiver was knowing and voluntary, *id.*; and that counsel cannot dispute that the record fails to show that enforcement of the appeal waiver will result in a miscarriage of justice, *id.* at 2-3. Whittaker's counsel concluded by stating that "irreconcilable differences of opinion exist between Whittaker and counsel regarding his ultimate change of plea and sentence and therefore counsel does not object to other counsel being appointed to represent Whittaker on the merits of any additional argument he wishes to submit." *Id.* at 3. Whittaker's counsel has not, however, renewed his motion to withdraw as counsel.

We gave Whittaker an opportunity to file a pro se response to the government's motion to enforce his appeal waiver. Regarding his plea agreement, Whittaker asserts that

> [i]t was affirmatively represented to Elmer Don Whittaker, by [his counsel], [that] his Guideline sentence would not exceed thirty-six months. [Whittaker's counsel] then proceeded to encourage Elmer Don Whittaker to enter a guilty plea under the government's plea offer.
>
> This appellant had no familiarity or knowledge of the federal sentencing procedures, including the Sentencing Guidelines. Thus, the appellant was forced to rely, exclusively, on the advice and recommendation of [his counsel]. That advice was fraudulent, and made for the sole purpose of avoiding preparations for a jury trial.

Pro Se Resp. at 1-2.

### III.

Whittaker does not argue that his appeal issue falls outside the scope of the appeal waiver. Rather, we construe his pro se response as contending (1) that he did not knowingly and voluntarily enter into his plea agreement, including the appeal waiver, and (2) that enforcement of his appeal waiver will result in a miscarriage of justice.

### A.

Whittaker asserts that he entered into the plea agreement in reliance on his counsel's false representation that his Guidelines sentence would not exceed 36 months. Whittaker was ultimately sentenced to 108 months' imprisonment. We construe this contention as a claim that Whittaker's plea agreement was not knowing and voluntary, and therefore his appeal waiver is also invalid. *See United States v.*

- 4 -

*Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014) ("[I]f the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand."), *cert. denied*, 135 S. Ct. 494 (2014).

The record does not support Whittaker's assertion that, in entering into the plea agreement, he relied on a false representation regarding the sentence he would receive.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Hahn*, 359 F.3d at 1325 (citation omitted). Whittaker affirmed in the plea agreement that his guilty plea and his appeal waiver were knowing and voluntary. Additionally, at the change of plea hearing the district court confirmed Whittaker's understanding of his appeal waiver and found, based on Whittaker's testimony, that his plea was knowing and voluntary.

More specifically, the plea agreement addressed the applicable maximum term of imprisonment, but it made no representation regarding the sentence the district court would impose. The agreement also explicitly stated that it set forth the complete and only terms of the plea agreement between Whittaker and the government, and that the written agreement superseded all prior written or oral understandings. The agreement twice stated that no other promises, inducements,

understandings, agreements, or predictions had been or would be made regarding his case or in connection with his plea, except as provided in the written plea agreement.

During the change of plea hearing, Whittaker indicated his understanding of the maximum imprisonment sentence. The court then asked the government and Whittaker's counsel for their positions on the range of punishment under the Guidelines. The parties agreed that the estimated Guidelines range was 168 to 210 months' imprisonment, assuming Whittaker was found to be a career offender, and before any adjustment for substantial assistance. Whittaker responded that this was consistent with his understanding of the Guidelines range.

At the change of plea hearing, Whittaker did not testify that his counsel had represented that his Guidelines sentence would not exceed 36 months' imprisonment. Rather, he affirmatively stated that no one had promised him anything to persuade him to plead guilty and that no government agent had predicted that he would receive a lighter sentence if he pled guilty. He stated further that he understood that his sentence was a matter solely within the control of the sentencing judge and that he was prepared to accept any punishment permitted by law that the court saw fit to impose.

Thus, the record reflects Whittaker's agreement that no promise was made to induce him to plead guilty, other than the terms of the written plea agreement, which did not include any representation regarding a 36-month sentence. We conclude that

Whittaker has not demonstrated any basis for this court to hold that his guilty plea was not knowing and voluntary.

**B.**

Whittaker may also be arguing that enforcement of his appeal waiver will result in a miscarriage of justice. We will find a miscarriage of justice only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (brackets in original). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted). Moreover, the defendant has the burden to demonstrate that enforcement of his appeal waiver would result in a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Whittaker does not argue that the district court relied on an impermissible factor in sentencing him, or that his sentence exceeds the statutory maximum. Nor does he set forth any basis to conclude that his appeal waiver is otherwise unlawful. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (stating that inquiry is "whether the waiver itself is unlawful because of some procedural error or because no waiver is possible").

Whittaker does assert that he was forced to rely on his counsel's advice regarding the sentence the district court would impose and that counsel made the false representation about a 36-month sentence to avoid having to prepare for a jury trial. But to the extent Whittaker is asserting that his counsel provided constitutionally ineffective assistance in connection with the negotiation of his plea agreement and the appeal waiver, he cannot raise that claim on direct appeal. *See United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (stating rule, with "rare exception," that ineffective-assistance claims must be brought in a collateral proceeding). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). This court considers such claims on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Whittaker does not claim that he raised this issue in the district court.[1]

We conclude that Whittaker has not demonstrated that enforcement of his appeal waiver will result in a miscarriage of justice. Our independent review of the record also confirms that Whittaker's appeal waiver is enforceable.

---

[1]     In his plea agreement, Whittaker preserved his right to bring a claim in a collateral proceeding challenging the validity of his guilty plea or his waiver of appellate and post-conviction rights based on ineffective assistance of counsel.

## IV.

Accordingly, we grant the government's motion to enforce Whittaker's appeal waiver and dismiss the appeal. We deny Whittaker's pending pro se motions seeking replacement counsel.

                              Entered for the Court
                              Per Curiam