FILED
United States Court of Appeals
Tenth Circuit

May 18, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SERGIO JAVIER RODRIGUEZ,

Defendant-Appellant.

No. 11-2104

(D.C. No. 1:10-CR-01007-JCH-1)
(D.N.M.)

ORDER AND JUDGMENT*

Before **GORSUCH** and **BALDOCK,** Circuit Judges, and **BRORBY**, Senior Circuit Judge.**

A jury convicted Defendant Sergio Javier Rodriguez of possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Rodriguez filed this appeal, challenging the legality of the search which produced the marijuana. The Government, in its brief, asserted Defendant waived the suppression issue in the district court because of his trial counsel's failure to file a motion to suppress the evidence pursuant to our decision

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

in <u>United States v. Burke</u>, 633 F.3d 984 (10th Cir. 2011).  In reply, Defendant agreed trial counsel's failure constituted waiver of the suppression issue.

Defendant further acknowledges in his reply that although Federal Rule of Criminal Procedure (Rule) 12(e) provides for a narrow exception to the waiver rule where a party shows good cause for the failure, the exception is rare.  And in this case, Defendant recognizes any claim of ineffective assistance is not ripe for review and must await a ruling in post-conviction proceedings.  Defendant expressly concedes that the suppression issue raised on appeal was not raised to the district court and that whether ineffective assistance of counsel constitutes good cause in this case is a matter to be addressed in post-conviction collateral proceedings under 28 U.S.C. § 2255.[1]  Nevertheless, Defendant requests his conviction be reversed.

The parties are correct that Rule 12(b)(3)(C) requires a motion to suppress evidence to be made before trial.  Rule 12(e) states a party who does not file a timely suppression motion "waives any Rule 12(b)(3) defense, objection, or request . . . ."  "When a motion to suppress evidence is raised for the first time on appeal, we must decline review."  <u>Burke</u>, 633 F.3d at 987 (quoting <u>United States v. Brooks</u>, 438 F.3d 1231, 1240 (10th Cir. 2006)).  Rule 12(e)'s "single narrow exception to the waiver rule" allows relief for good cause.  <u>Id.</u> at 988 (internal quotation marks omitted).  "We rarely, however, grant relief under the good-cause exception."  <u>Id.</u>  Defendant

_____

[1] We commend Defendant's appellate counsel for his forthrightness in making these concessions.

2

has not attempted to demonstrate good cause for the failure to raise the issue to the district court other than to allege his trial counsel was ineffective. But as Defendant admits, we consider "ineffective assistance of counsel claims on direct appeal in limited circumstances," and "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." United States v. Flood, 635 F.3d 1255, 1260 (10th Cir. 2011). Defendant correctly notes the absence of those factors in this case. Accordingly, Defendant's conviction and sentence are AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge