FILED
United States Court of Appeals
Tenth Circuit

**July 7, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS FELIX AFLAGUE,

    Defendant - Appellant.

No. 14-8075
(D.C. No. 2:14-CR-00026-NDF-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

In August 2014, Defendant Thomas Aflague pleaded guilty to conspiracy to possess 500 grams or more of methamphetamine with intent to distribute. See 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The pre-sentence investigation report concluded Defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1. The report calculated Defendant's offense level to be 34 and his criminal history category

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determinations of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to be VI, yielding an advisory guideline sentencing range of 262 to 327 months. Defendant then filed a Motion for Sentence Variance seeking the statutory mandatory minimum sentence of 120 months. See 21 U.S.C. § 841(b)(1)(A). In October 2014, the district court varied downward and sentenced him to 200 months' imprisonment. Defendant appealed. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and affirm.

After careful review, Defendant's counsel concluded that Defendant's appeal presents no factually or legally non-frivolous issues. Counsel therefore submitted an Anders brief and an accompanying Motion to Withdraw. See Anders v. California, 386, U.S. 738 (1967). Counsel disagreed with Defendant's position that the sentence was excessive and substantively unreasonable. Counsel concluded, *inter alia*, that a sentence 62 months *below* the advisory guideline range does not support a meritorious appeal. Having reviewed the record and counsel's Anders brief, we agree.

Notably, in response to the Anders brief, Defendant raised, for the first time, four claims regarding ineffective assistance of counsel. But we have held that "ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). When brought on direct appeal, such claims are "presumptively dismissible, and virtually all will be dismissed." Id. In this case, we have reviewed the record and are unable to discern the validity of his claims based upon the record before us.

2

See United States v. Flood, 635 F.3d 1255, 1260 (10th Cir. 2011). Therefore, Defendant must raise the issue of ineffective assistance in an collateral proceeding under 28 U.S.C. § 2255, should he choose to do so at all.

We therefore AFFIRM the district court's disposition, GRANT counsel's Motion to Withdraw, and DISMISS Defendant's claims of ineffective assistance of counsel without prejudice to allow Defendant to properly assert ineffective assistance of counsel in a collateral proceeding.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge