FILED
United States Court of Appeals
Tenth Circuit

July 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD LEONARD RIESTERER,

    Defendant - Appellant.

No. 17-1175
(D.C. No. 1:15-CR-00206-WJM-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Pursuant to a plea agreement, Donald Riesterer pled guilty to wire fraud, for which he received a thirty-month sentence. The agreement included a broad appeal waiver, encompassing, with few exceptions not relevant here, "any matter in connection with this prosecution, conviction, or sentence." Dist. Ct. doc. 158, at 3. When Mr. Riesterer filed this appeal, the government moved to enforce the waiver. As explained below, we grant the government's motion and dismiss the appeal. We also deny Mr. Riesterer's request for bail pending appeal as moot.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A little procedural background will frame the issues before us. Mr. Riesterer executed the plea agreement and entered his plea on August 3, 2016. At that point, the parties disagreed as to the extent of the losses he had caused, which would affect his offense level, so the district court scheduled an evidentiary hearing for December 1, 2016. After the hearing, the district court made findings adverse to Mr. Riesterer regarding the losses. In addition, the court found he had perjured himself and attempted to influence a testifying witness at the hearing, prompting it to impose a two-point enhancement to his offense level under United States Sentencing Guideline Manual (USSG) § 3C1.1 for obstructing or impeding the administration of justice. It also denied him an offense-level reduction he had sought for acceptance of responsibility under USSG § 3E1.1.

Following the entry of final judgment, Mr. Riesterer filed a notice of appeal and a motion for bail pending appeal. The district court denied the motion for lack of likely merit to the appeal. It held that Mr. Riesterer had not raised a substantial question about his conviction or sentence and that, in any event, the appeal waiver in the plea agreement, which it found valid and enforceable, would likely bar his appeal. Mr. Riesterer then sought bail from this court. Despite the district court's focus on the appeal waiver, Mr. Riesterer mentioned it only once—offhandedly remarking that the "plea agreement contained a limited appeal waiver," Mem. in Supp. of Mot. for Bail (Bail Memo), at 1—and made no attempt to undercut the district court's conclusion that it would likely bar his appeal. The government filed a brief in opposition to the bail motion and moved to enforce the appeal waiver.

The government's motion to enforce argues that the waiver applies to this appeal, that it was knowing and voluntary, and that there are no circumstances evident on the record to suggest that enforcement of the waiver would give rise to a miscarriage of justice. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). In response to the motion, Mr. Riesterer does not dispute the first two points, but does argue that enforcement of the appeal waiver would result in a miscarriage of justice.

A miscarriage of justice sufficient to invalidate an appeal waiver may be shown if (1) the district court relied on an impermissible factor, such as race; (2) the waiver was the result of ineffective assistance of counsel; (3) the district court imposed a sentence that exceeds the statutory maximum; or (4) the waiver was otherwise unlawful. *United States v. Salas-Garcia*, 698 F.3d 1242, 1255 (10th Cir. 2012). Mr. Riesterer invokes the second and fourth grounds to excuse his appeal waiver.

As for the second ground, he claims his counsel failed to warn him that the evidentiary hearing on loss would result in findings that could result in enhanced penalties and be virtually impossible to challenge, and also misadvised him that he could withdraw his plea if he was unhappy with the result of the hearing. Without getting into the merit, if any, of these allegations, we hold they are not appropriate for resolution on this direct appeal. Claims of ineffective assistance should in almost all cases be raised in collateral proceedings under 28 U.S.C. § 2255; if "brought on

3

direct appeal [they] are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  In particular, such claims are not available on direct appeal unless they were "raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011).  "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  Absent circumstances permitting an ineffective-assistance claim to be raised on direct appeal—which have not been alleged, much less demonstrated, here—when such a claim is asserted to circumvent an appeal waiver, the appropriate course is to dismiss the claim (leaving the appeal waiver in force) without prejudice to the defendant's right to pursue it on collateral review under § 2255.  *See, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).  We follow that course here.

As for his contention that the waiver was otherwise unlawful, Mr. Riesterer objects that the district court failed to warn him that his testimony could subject him to additional penalties if the court determined that he perjured himself or attempted to influence the testimony of another witness.  This, he claims, "was a clear dereliction of duty, was patently unjust, and resulted in a miscarriage of justice."  Resp. to Mot. to Enforce at 3.  He cites no authority for his tacit premise that a district court must specifically admonish a defendant (who has already been placed under oath) that perjury and witness tampering could result in a sentence enhancement for

4

obstruction. We decline to adopt such a dubious premise—let alone hold that the absence of such an admonishment constitutes a miscarriage of justice "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings" so as to negate an appeal waiver, *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). On the contrary, it is the effort to obstruct justice that threatens the fairness, integrity and public reputation of the proceedings.

Finally, Mr. Riesterer claims "[i]t was procedural error for the district court to accept the plea agreement and the appeal waiver, but then set an evidentiary hearing wherein [he] had no choice but to testify as to the appropriate loss amount." Resp. to Mot. to Enforce at 5. This alleged error, he contends, "undermined the integrity of the proceedings and was patently unfair to [him]." *Id.* Once again, he presents a perfunctory claim of procedural error without any supporting authority. We are aware of no legal impediment to the district court proceeding as it did. Indeed, acceptance of a plea followed by a hearing to determine material sentencing issues is straightforward practice absent specific stipulations as to sentence in the plea agreement.

The government's motion to enforce Mr. Riesterer's appeal waiver is granted and the appeal is dismissed. Mr. Riesterer's request for release pending appeal is denied as moot.

Entered for the Court
Per Curiam

5