FILED
United States Court of Appeals
Tenth Circuit

January 10, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAFAEL ORDUNO-RAMIREZ,

    Defendant - Appellant.

No. 17-2138
(D.C. No. 2:17-CR-01163-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Rafael Orduno-Ramirez pled guilty to drug and immigration offenses and was sentenced to 44 months in prison. His plea agreement included a broad waiver of his appellate rights provided his sentence was at or under the maximum statutory penalty, which it was. Notwithstanding his appeal waiver, Mr. Orduno-Ramirez now seeks to challenge his sentence. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

_____

   [*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Hahn* sets forth three factors to consider in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. One way a defendant can demonstrate that enforcing the appellate waiver will result in a miscarriage of justice is to show that he received ineffective assistance of counsel in connection with the negotiation of the waiver, rendering the waiver invalid. *See id.* at 1327.

Mr. Orduno-Ramirez does not contest that his appeal falls within the scope of the appeal waiver. Instead, he disputes the second and third *Hahn* factors on the ground that he received ineffective assistance from his trial counsel. Mr. Orduno-Ramirez asserts that the waiver was not knowing and voluntary because his lawyer did not communicate with him and coerced him into signing the plea agreement, though he acknowledges he made contrary representations in the plea agreement and during the Rule 11 colloquy. Similarly, he contends that enforcing the waiver would result in a miscarriage of justice because his trial counsel provided ineffective assistance in negotiating it. As evidence of ineffectiveness, he points to a pro se letter sent to the district court shortly after he signed the plea agreement, in which he complained about his representation and successfully requested the appointment of new counsel.

"[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a

2

defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citation omitted); *see also Hahn*, 359 F.3d at 1327 n.13 ("Generally, we only consider ineffective assistance of counsel claims on collateral review. Our holding today does not disturb this longstanding rule." (citation omitted)). This is because it is important to develop a factual record for ineffective-assistance claims in the district court. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (explaining that "this court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists"). Mr. Orduno-Ramirez concedes that "we do not have a properly and fully developed evidentiary record" on his allegations of ineffective assistance. Resp. to Mot. to Enforce at 3.

When a defendant "offers no argument supporting a reason to depart from our general practice," as is the case here, we have declined to consider ineffective-assistance claims on direct appeal. *Porter*, 405 F.3d at 1144. Accordingly, we grant the motion to enforce and dismiss the appeal, without prejudice to Mr. Orduno-Ramirez raising allegations of ineffective assistance of counsel in a collateral proceeding.

Entered for the Court
Per Curiam

3