**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEXANDER REOSLE SMITH,

    Defendant - Appellant.

No. 19-1483
(D.C. No. 1:19-CR-00094-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Alexander Reosle Smith pled guilty to one count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Mr. Smith's plea agreement contained a broad waiver of his right to appeal his sentence. Despite this waiver, Mr. Smith seeks to appeal his sentence and the manner in which it was imposed. The government has filed a motion seeking to enforce the appeal waiver in Mr. Smith's plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

The district court sentenced Mr. Smith to 30 months in prison.  This sentence was at the low end of the advisory sentencing guidelines range of 30 to 37 months. The district court also directed that Mr. Smith's sentence "be served consecutively to any sentence imposed previously or prospectively in any state or federal case, including any sentence imposed by the District Court in and for the City and County of Denver, Colorado, in Case Number 17CR8933."  Mot. to Enf., Attach. (Sentencing Transcript) at 10.

II.  Discussion

Under *Hahn*, we consider the following three factors in determining whether to enforce an appeal waiver in a plea agreement:  (1) does the disputed appeal fall within the scope of the waiver; (2) was the waiver knowing and voluntary; and (3) would enforcing the waiver result in a miscarriage of justice.  359 F.3d at 1325. Mr. Smith does not assert that his appeal is outside the scope of his appeal waiver, so we need not address that factor, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).  He argues that his waiver was not knowing and voluntary and that enforcing the waiver would result in a miscarriage of justice.

A.  *Knowing and Voluntary*

We look to two factors when determining whether a waiver of appellate rights is knowing and voluntary.  *Hahn*, 359 F.3d at 1325.  "First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily.  Second, we look for an adequate Federal Rule of

2

Criminal Procedure 11 colloquy." *Id*. (citation omitted). "The defendant has the burden to prove that he did not knowingly and voluntarily enter into his plea agreement." *United States v. Salas-Garcia*, 698 F.3d 1242, 1254 (10th Cir. 2012).

Mr. Smith's signed plea agreement states that he "knowingly and voluntarily waive[d] the right to appeal any matter in connection with this prosecution, conviction, or sentence . . . ." Mot. to Enf., Attach. (Plea Agreement) at 2-3. During its Rule 11 plea colloquy, the district court reviewed the terms of the plea agreement with Mr. Smith, including the waiver of his appellate rights. Mr. Smith acknowledged to the court that he understood his appeal rights and that he understood and accepted that he was waiving those rights in his plea agreement. The court also explained that under the terms of the plea agreement, it had the discretion to determine the sentence in his case. The court further explained "[t]hat means, among other things, that [the court] will not be bound . . . at your sentencing hearing by what anyone may have told you, promised you, or predicted for you about the sentence that [the court] will impose." *Id*., Attach. (Change of Plea Transcript) at 21. Mr. Smith was asked if he understood, and he said yes.

Mr. Smith now argues that his waiver was not knowing and voluntary because "[n]either the plea agreement nor the court colloquy informed him of a possibility of consecutive sentences. And, quite the contrary, his counsel advised him that his sentences would be concurrent." Resp. at 3. But a defendant does not need to "know with specificity the result he forfeits before his waiver is valid." *Hahn*, 359 F.3d at 1327. "The law ordinarily considers a waiver knowing, intelligent, and sufficiently

3

aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id*. (brackets and internal quotation marks omitted).

Mr. Smith stated at the change of plea hearing that he understood the district court had the discretion to impose whatever sentence it considered appropriate and that he was giving up his right to appeal his sentence. As for counsel advising him that his sentences would be concurrent, his counsel admitted at sentencing that no such language appears in the plea agreement. Moreover, Mr. Smith acknowledged at his change of plea hearing that the district court would not be bound at sentencing by what anyone may have told him, promised him, or predicted for him about his sentence. Mr. Smith's general waiver of his right to appeal his sentence was knowing and voluntary even if he did not know the specific consequence of invoking it—i.e, that he was giving up a challenge to the district court's decision to order his federal sentence to run consecutively to an anticipated state sentence.

B. *Miscarriage of Justice*

Mr. Smith next argues that enforcing his appeal waiver would result in a miscarriage of justice. In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless enforcement would result in one of four enumerated situations, including "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid." 359 F.3d at 1327 (internal quotation marks omitted). Mr. Smith asserts this situation is present

4

here "because in signing the appeal waiver [he] relied on his counsel's incorrect advice that his sentences would be concurrent." Resp. at 4.

We make no comment on the merits of Mr. Smith's claim, but we conclude that it cannot be raised on direct appeal and therefore it will not prevent enforcement of the appeal waiver at this stage in the proceedings. In *Hahn*, we explained that "[g]enerally, we only consider ineffective assistance of counsel claims on collateral review." *Hahn*, 359 F.3d at 1327 n.13. And we expressly stated that our holding in *Hahn* "does not disturb this longstanding rule." *Id*. We later reiterated that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144.

Although Mr. Smith suggests that his claim for ineffective assistance of counsel should be considered on direct appeal instead of in a collateral proceeding, we disagree. We have "considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). But the circumstances here do not fall within the narrow exception to our general rule because the district court did not rule on the issue.

III. <u>Conclusion</u>

For the foregoing reasons, we grant the government's motion to enforce and dismiss this appeal. This dismissal is without prejudice to Mr. Smith filing a collateral action to bring a claim for ineffective assistance of counsel.

Entered for the Court
Per Curiam