**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

ISAAC LANDOURS,

　　Defendant - Appellant.

No. 23-2131
(D.C. No. 1:22-CR-00451-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Isaac Landours pleaded guilty to one count of distribution of 5 grams or more of methamphetamine. He was anticipating his sentencing guidelines range would be 97 to 121 months in prison, but the presentence report applied the career offender enhancement and determined his sentencing guidelines range was 188 to 235 months in prison. Mr. Landours's plea agreement contained a broad waiver of his right to appeal his sentence. Despite this waiver, Mr. Landours seeks to appeal the district court's finding that a state conditional discharge was a conviction for purposes of calculating his criminal history and imposing the career offender enhancement. The

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government filed a motion to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  We grant the government's motion and dismiss the appeal.

Under *Hahn*, we consider the following three factors in determining whether to enforce an appeal waiver in a plea agreement:  (1) does the disputed appeal fall within the scope of the waiver; (2) was the waiver knowing and voluntary; and (3) would enforcing the waiver result in a miscarriage of justice.  *Id*. at 1325. Mr. Landours concedes his appeal falls within the scope of his waiver and his waiver was knowing and voluntary.  He argues only that enforcing the waiver would result in a miscarriage of justice.

In *Hahn*, we held enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327.  Those four situations are:  "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."  *Id*. (internal quotation marks omitted).  Mr. Landours contends enforcing his appeal waiver would result in a miscarriage of justice because his trial counsel was constitutionally ineffective in negotiating his waiver.

Mr. Landours acknowledges our general rule that a claim of ineffective assistance of counsel must be raised in a collateral proceeding, not on direct review. And he further acknowledges that this "rule applies when a defendant 'seeks to

2

invalidate an appellate waiver based on ineffective assistance of counsel.'" Aplt. Resp. to Mot. at 9 (quoting *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005)).

He argues, however, that his case presents an exception to the general rule based on his assertion that "the record is sufficiently developed as to trial counsel's deficiencies." *Id.* at 11. But he admits this court has only considered ineffective assistance of counsel claims on direct appeal in cases "'where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists.'" *Id.* at 9 (quoting *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011)). And he concedes his case is distinguishable from those cases because he did not raise an ineffective assistance of counsel claim below so "the district court has not ruled on such a claim." *Id.* at 11. He thus acknowledges "[t]he weight of the authority in this circuit suggests that this situation must result in the enforcement of the plea waiver." *Id.* But he asks this court "to consider alternatives" because the significant disparity between the anticipated and recommended sentencing ranges "presents a manifest injustice." *Id.*

Although Mr. Landours insists "the ineffective assistance of trial counsel in negotiating the appeal waiver is apparent from the record," *id.* at 16, we decline to expand the exception to include claims that were not presented first and ruled on in the district court. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (declining to consider ineffective assistance of counsel claim raised for the first time on direct appeal because "even if the record appears to

3

need no further development, the claim should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views").  Accordingly, we grant the government's motion to enforce the appellate waiver in Mr. Landours's plea agreement and dismiss this appeal.

Entered for the Court

Per Curiam