**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KARYN L. ESTRADA

    Defendant - Appellant.

No. 25-2004
(D.C. No. 5:23-CR-01389-MIS-2)
(D. N.M.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Karyn Estrada pleaded guilty to an information charging her with trafficking in violation of 18 U.S.C. § 1590(a) and aiding and abetting in violation of 18 U.S.C. § 2 for knowingly recruiting, harboring, transporting, providing, and obtaining Jane Doe for services in violation of 18 U.S.C. § 1591, which resulted in aggravated sexual abuse or attempted aggravated sexual abuse of Jane Doe. The district court sentenced Estrada to life in prison. She filed a notice of appeal. Estrada's plea agreement contained an appeal waiver, which the government has now moved to enforce under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Estrada filed a response in opposition, and the government filed a reply in support of its motion. We grant the government's motion and dismiss the appeal.

Under *Hahn*, we consider the following three factors in determining whether to enforce an appeal waiver in a plea agreement: (1) does the disputed appeal fall within the scope of the waiver; (2) was the waiver knowing and voluntary; and (3) would enforcing the waiver result in a miscarriage of justice. *Id*. at 1325. Estrada argues only that enforcing the waiver would result in a miscarriage of justice. Because she does not assert that her appeal is outside the scope of her appeal waiver or that the waiver was not knowing and voluntary, we need not address those factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In *Hahn*, we held that enforcement of an appeal waiver does not result in a miscarriage of justice unless it would result in one of four enumerated situations. 359 F.3d at 1327. Those four situations are: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id*. (internal quotation marks omitted). Estrada contends that enforcing her appeal waiver would result in a miscarriage of justice because her counsel was ineffective in the negotiation of the appeal waiver and in advising her about the waiver.

Estrada's claim of ineffective assistance of counsel, however, cannot be raised on direct appeal. In *Hahn*, we explained that "[g]enerally, we only consider

2

ineffective assistance of counsel claims on collateral review." *Id*. at 1327 n.13. And we expressly stated that *Hahn*'s miscarriage-of-justice holding "does not disturb this longstanding rule." *Id*. We later reiterated that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144.

Despite our general rule, Estrada urges us to consider her claim for ineffective assistance of counsel on direct appeal, arguing that "the record is sufficiently developed as to trial counsel's deficiencies."[1] Resp. at 10. We decline to do so.

We have "considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). "[E]ven if the record appears to need no further development, the claim [for ineffective assistance of counsel] should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Estrada discusses two cases where this court did review claims of ineffective assistance of counsel on direct appeal, *see* Resp. at 9, but she concedes that "[t]he distinguishing feature between [those two cases] and [her] case is that there was no

---

[1] She acknowledges, however, that "[t]he weight of authority in this circuit suggests that this situation must result in the enforcement of the plea waiver." Resp. at 10.

claim of ineffective assistance of counsel raised at the trial court level and the district court has not ruled on such a claim," *id.* at 9-10. We conclude the circumstances here do not fall within the narrow exception to our general rule because—as Estrada recognizes—her claim of ineffective assistance of counsel has not been raised and ruled on in district court.

Estrada has failed to show that enforcing her appeal waiver would result in a miscarriage of justice. Accordingly, we grant the government's motion and dismiss this appeal. This dismissal is without prejudice to Estrada filing a collateral proceeding to bring a claim of ineffective assistance of counsel.[2]

Entered for the Court

Per Curiam

---

[2] This is consistent with the waiver language in Estrada's plea agreement, which includes an exception for collateral challenges based on ineffective assistance of counsel. *See* Mot. to Enforce, Ex. 1 at 10 ¶ 26 ("[T]he defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, *except on the issue of defense counsel's ineffective assistance*." (emphasis added)).