**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee.

v.

DONALD EUGENE COOKS,
a/k/a Little Bit,

    Defendant - Appellant.

No. 25-6047
(D.C. No. 5:23-CR-00094-D-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In this direct criminal appeal, Donald Cooks' counsel filed a brief under

*Anders v. California*, 386 U.S. 738, 744 (1967), along with a motion to withdraw.

We have jurisdiction under 28 U.S.C. § 1291. Having obtained a response directly

from Mr. Cooks, and having conducted the independent review that *Anders* requires,

*see* 386 U.S. at 744, we conclude there is no arguable ground for appeal. We

therefore grant the motion to withdraw and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Twice during the night and early morning of July 18-19, 2022, alarms summoned police to a post office building in Oklahoma City.  Both times, everything appeared to be in order.  But later on July 19, another alarm sounded shortly before midnight.  This time, police discovered a woman (identified by the initials K.P.) next to a pickup truck in the parking lot, with packages in the truck bed, on the ground, and in a cart.  K.P. said she was waiting for someone.  The truck belonged to Mr. Cooks.  Nearly an hour after police detained K.P., Mr. Cooks arrived on foot and told them his truck had been stolen from a nearby Motel 6, where he was staying.  He said he had tried to report the theft to an officer who had been at the Motel 6, but he did not know the VIN so the officer told him to report the theft once he obtained it.  He used his phone to track his truck.  He first said he did not know who took the truck, but then he said he did know and named K.P.

An officer went to the Motel 6, obtained a key to Mr. Cooks' motel room, and entered the room to "clear" it and make sure no one else was there.  R. vol. III at 149.  While there, he saw a Dell laptop computer wrapped in plastic.  In the motel's dumpster, the officer found an empty Dell computer box as well as empty packages addressed to different people.  And he reviewed motel surveillance footage that showed Mr. Cooks and two other men bringing packages into the motel in the early morning hours of July 19.  Police later obtained a search warrant for Mr. Cooks' room, using an affidavit that noted the presence of the Dell laptop as well as the surveillance footage and the empty packages in the dumpster.

A postal inspector surveyed the post office building, finding no signs of a break-in, and he confirmed that packages found in and by the truck belonged to that particular post office. During his investigation, he learned that a mail carrier might be involved in the break-in, and he interviewed rural carrier associate Irwin Sawyer, who worked out of the building. Mr. Sawyer initially said that, after making Mr. Cooks' acquaintance at a nearby gas station, he gave Mr. Cooks a fake code to the keypad lock on one of the employee doors of the post office building. He later testified that he met Mr. Cooks at the gas station; he was frustrated about the post office messing up his paychecks; learning he was a postal employee, Mr. Cooks asked him questions about the post office building and what was there; and he sold the real code to Mr. Cooks for cash, knowing he intended to break into the building.

Mr. Cooks was indicted with one count of conspiracy to commit mail theft, in violation of 18 U.S.C. §§ 371 and 1708, and two counts of possession of stolen mail, in violation of § 1708. He was detained pending trial. Telephone calls made from jail indicated Mr. Cooks did not want K.P. to testify, and he had people deliver that message to her. Although K.P. initially had seemed willing to cooperate with the postal inspector, she became hesitant, then she stopped responding entirely and could not be located for trial. The government therefore added one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1), to the charges against Mr. Cooks.

Mr. Cooks went to trial before a jury, which found him guilty of all four counts. Before sentencing, he requested to waive his right to counsel. After holding a hearing, *see Faretta v. California*, 422 U.S. 806, 835 (1975), the district court

3

allowed him to represent himself, with the assistance of standby counsel.  At sentencing, the government requested the district court upwardly vary from the Sentencing Guidelines range of 57 to 71 months' imprisonment, and it requested a 120-month sentence.  The district court agreed an upward variance was appropriate, but not to the extent the government requested.  It imposed a 92-month sentence— 60 months on Counts 1 through 3 and 92 months on Count 4, all to run concurrently.

## DISCUSSION

Mr. Cooks is represented by counsel on appeal.  Under *Anders*, if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw . . . accompanied by a brief referring to anything in the record that might arguably support the appeal."  386 U.S. at 744.  After allowing the defendant an opportunity to respond, the court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Id.*  If the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."  *Id.*  But if it does not find any arguable points, the court may grant the motion to withdraw and dismiss the appeal.  *See id.*

As stated, counsel filed an *Anders* brief and a motion to withdraw, and Mr. Cooks filed a pro se response.  The government filed a notice of intent not to file a brief.  Having reviewed the proceedings, we do not identify any arguable issues for appeal.

4

## I.    Suppression of Evidence

Both counsel and Mr. Cooks identify a potential issue regarding the suppression of evidence due to the warrantless initial search of Mr. Cooks' hotel room.  Counsel recognizes that "[t]he warrantless search of Mr. Cooks's room at the Motel 6 appears to involve a straightforward Fourth Amendment violation."  Aplt. Opening Br. at 14.  He also recognizes that the application for the search warrant relied, in part, on the presence of the plastic-wrapped Dell computer the officer saw when conducting the initial search.  Nevertheless, counsel concludes the warrantless search does not present an arguable issue for appeal because (1) trial counsel did not preserve the issue, and (2) the other evidence listed in the search warrant supported a finding of probable cause.  We need not go beyond the first reason.

Mr. Cooks' counsel did not file a motion to suppress before the deadline for pre-trial motions.[1]  Instead, he raised the issue mid-trial.  Counsel did not object when the prosecution examined an officer about how he obtained a key to Mr. Cooks' room and what he saw there, and he elicited testimony about those events on cross-examination.  But then he objected during the subsequent testimony of another officer who executed the search warrant.  Out of the jury's hearing, counsel stated he

> want[ed] to make an objection for the purposes of the record to an illegal
> search. . . . There was an illegal entry that formed the probable cause basis

---

[1] Months before trial, Mr. Cooks filed a pro se motion to suppress, which the district court denied because he was represented by counsel and had no right to hybrid representation.  That decision also does not present an arguable issue on appeal.  *See United States v. Dunbar*, 718 F.3d 1268, 1278 (10th Cir. 2013) (recognizing that represented defendant "had no right to submit motions other than through his attorney").

for the warrant. So we object to any testimony regarding anything found in the motel room and any photographs of any items found in the motel room.

R. vol. III at 173. The court inquired whether counsel was aware of the factual basis for the objection before the motions deadline, and counsel admitted that he was. The court then denied the objection as untimely.

Under Fed. R. Crim. P. 12(b)(3)(C), a defendant must move to suppress before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The basis for the motion was apparent well before trial; counsel admitted he knew of the underlying factual basis before the motions deadline. So the mid-trial objection was undoubtedly untimely. Yet counsel offered *no* reason why he did not file a pre-trial motion to suppress, much less a reason that would establish good cause. Because Rule 12(c)(3) plainly requires a showing of good cause, there is no colorable argument that the district court erred in denying the untimely effort to suppress evidence. We therefore need not consider whether it is arguable whether the motion would have succeeded had the district court reached the merits.

## II. Ineffective Assistance of Counsel

Mr. Cooks identifies a second potential issue—whether his trial counsel was ineffective for failing to timely move to suppress the evidence from his motel room. But ineffective-assistance claims should in nearly all cases be raised in collateral

proceedings under 28 U.S.C. § 2255; if "brought on direct appeal [they] are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995) (en banc).  Mr. Cooks asserts that this is the rare case in which the court should consider an ineffective-assistance claim on direct appeal.  We have held, however, that ineffective-assistance claims may be considered on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011).  Here, the issue was not raised before and ruled upon by the district court, and the record is insufficient.  The claim therefore is not arguable in this appeal.

## III.    Other Potential Issues

Counsel states he also examined (1) "[w]hether there was any defect in the indictment, defect in the jury instruction[s], or failure of evidence to support a challenge to Mr. Cooks's convictions," and (2) "[w]hether Mr. Cooks's sentence was procedurally or substantively unreasonable."  Aplt. Opening Br. at 2.  But he did not identify a colorable argument to challenge any of these aspects of the conviction and sentence.  Nor do we.

That includes the grant of Mr. Cooks' post-trial request to waive his right to counsel.  The district court held a *Faretta* hearing, at which it determined Mr. Cooks met the requirements to represent himself.  *See United States v. Pemberton*, 94 F.4th 1130, 1143 (10th Cir.) (listing four requirements to grant a request to waive counsel), *cert. denied*, 145 S. Ct. 604 (2024).  The record would not support an argument that

the *Faretta* hearing was inadequate, leaving no arguable ground to challenge the waiver of counsel as unknowing or involuntary. *See id.* (recognizing that "a contemporaneous and comprehensive *Faretta* hearing is generally a sufficient condition to a knowing waiver" (emphasis and internal quotation marks omitted)).

## CONCLUSION

We grant counsel's motion to withdraw (Dkt. No. 36) and dismiss the appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge