FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERARDO HIPOLITO-SIMON,

    Defendant - Appellant.

No. 23-5040
(D.C. No. 4:22-CR-00254-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Geraldo Hipolito-Simon pled guilty to one count of unlawful reentry of a removed

alien and was sentenced.  He filed a timely notice of appeal.  His counsel submitted an

*Anders* brief stating this appeal presents no non-frivolous grounds for reversal.  After

careful review of the record, we agree.  Exercising jurisdiction under 28 U.S.C. § 1291,

we grant counsel's motion to withdraw and dismiss the appeal.

---

\* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I.  BACKGROUND

During Mr. Hipolito-Simon's booking for an arrest on unrelated state felony charges, a routine Immigration and Customs Enforcement records check revealed that he had been deported and later reentered the United States without the express consent of the Secretary of Homeland Security to apply for reentry.  Mr. Hipolito-Simon was then charged in federal court for Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(b)(1).  He originally pled not guilty.  A month later, he pled guilty without a plea agreement.

Mr. Hipolito-Simon consented to proceed before a magistrate judge for his change of plea hearing.  Based on the Petition to Enter Plea of Guilty, the magistrate judge accepted his guilty plea after finding it was made "freely, voluntarily, and because he is 'GUILTY' as charged, and not out of ignorance, fear, inadvertence, or coercion, and with full understanding of its consequences."  ROA, Vol. I at 18; *see also id.* at 12-18.

The district court judge later questioned Mr. Hipolito-Simon and his attorney to ensure his guilty plea was "voluntary and supported by the factual record."  ROA, Vol. II at 4-6.  The court affirmed the magistrate judge's finding of guilt.

At sentencing, the district court calculated an advisory Guidelines range of 37 to 46 months in prison.  After considering the sentencing factors under 18 U.S.C. § 3553(a), the court sentenced Mr. Hipolito-Simon to 46 months in prison, to run consecutively to his state-imposed sentence,[1] and three years of supervised release.  As a condition of his

---

[1] In his state case, Mr. Hipolito-Simon was sentenced to eight years in prison.

supervised release, Mr. Hipolito-Simon was ordered to surrender to an immigration official for deportation proceedings in accordance with 8 U.S.C. §§ 1101-1524.

Mr. Hipolito-Simon, through counsel, filed a timely notice of appeal. His counsel then filed an opening brief invoking *Anders v. California*, 386 U.S. 738 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). This court sent the *Anders* brief to Mr. Hipolito-Simon and invited him to respond. He did not do so.

## II. DISCUSSION

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016).

The *Anders* brief addresses whether there are any non-frivolous arguments to challenge (A) the validity of Mr. Hipolito-Simon's guilty plea; (B) his sentence, including its (1) factual basis, (2) procedural reasonableness, and (3) substantive reasonableness; and (C) whether he had effective assistance of counsel. It concludes that each of these potential claims is frivolous. We agree. Based on our de novo review, we

3

conclude that none of the issues addressed in the *Anders* brief has merit, and we have not detected any other viable issues.

## A. *Guilty Plea*

The *Anders* brief first considers whether the record supports a challenge to the validity of Mr. Hipolito-Simon's guilty plea and concludes it does not. We agree.

The validity of a plea "is generally a question of law subject to de novo review." *United States v. Vidal*, 561 F.3d 1113, 1118 (10th Cir. 2009) (citing *Marshall v. Lonberger*, 459 U.S. 422 (1983)). But Mr. Hipolito-Simon did not object to the district court's conduct at the change of plea hearing, nor did he ask to withdraw his guilty plea. He thus may challenge the plea only for plain error. *United States v. Rollings*, 751 F.3d 1183, 1191 (10th Cir. 2014) ("If defense counsel did not object to the validity of the plea, we review solely for plain error.").

"To be valid, a guilty plea must 'represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Dunbar*, 718 F.3d 1268, 1279 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). Courts follow Federal Rule of Criminal Procedure 11 to ensure pleas are voluntary. Rule 11 requires the court to "address the defendant personally in open court . . . and determine that the defendant understands" a number of factors including "the right to a jury trial"; "the nature of each charge to which the defendant is pleading"; "any maximum possible penalty, including imprisonment, fine, and term of supervised release"; and "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United

4

States in the future." Fed. R. Crim. P. 11(b)(1). Rule 11 also requires the court to "address the defendant personally in open court and determine that the plea is voluntary." Fed. R. Crim. P. 11(b)(2). A defendant's "solemn declarations made in open court carry a strong presumption of verity." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014) (quotations omitted).

We have reviewed the Petition to Enter Plea of Guilty and the transcript of the proceeding where the district court affirmed the magistrate judge's order. They reveal no error under Rule 11.

In open court, Mr. Hipolito-Simon swore that he understood the charge; the statutory range of punishment and potential fines; the immigration consequences of his plea; the court's obligation to calculate an applicable advisory Guidelines range and to consider the sentencing factors under 18 U.S.C. § 3553(a); and the waiver of his rights, including his trial rights, by pleading guilty.[2] His attorney also confirmed in open court that she had explained the foregoing to him and that, in her opinion, Mr. Hipolito-Simon's petition to plead guilty was voluntarily and knowingly made.

The magistrate judge found that Mr. Hipolito-Simon's plea was made freely and voluntarily, and there was a factual basis for the plea. Six months later, the district court judge questioned Mr. Hipolito-Simon and his attorney to confirm that he had consented

---

[2] It was permissible for the magistrate judge to hear Mr. Hipolito-Simon's change of plea petition after he expressly consented. *See United States v. Garcia*, 936 F.3d 1128, 1137-39 (10th Cir. 2019).

to the magistrate judge's taking his plea, that there was a factual basis for the plea, and that there was no reason the finding of guilt should not be affirmed.

The record demonstrates compliance with Rule 11 and that Mr. Hipolito-Simon's plea was "a voluntary and intelligent choice among the alternative courses of action" available. *United States v. Muhammad*, 747 F.3d 1234, 1239 (10th Cir. 2014) (quotations omitted). We see no ground on which he could show error, let alone plain error, and we therefore have identified no non-frivolous argument that Mr. Hipolito-Simon could make to challenge his guilty plea on appeal.

## B. *Sentencing*

The *Anders* brief addresses whether the record provides any ground to challenge (1) the district court's factual basis for its sentencing determinations, (2) the procedural reasonableness of Mr. Hipolito-Simon's sentence, or (3) the substantive reasonableness of his sentence. It concludes that the record does not provide support for a non-frivolous challenge on appeal, and we agree.

### 1. Factual Basis for Sentencing Determinations

The *Anders* brief analyzes whether Mr. Hipolito-Simon could make a non-frivolous challenge to the factual basis for the district court's sentencing determination. When a defendant "fail[s] to assert a factual dispute at sentencing [he has] waive[d] the challenge because it prevented . . . the district court from resolving the fact issue." *United States v. Williams*, 861 F. App'x 185, 189 n.4 (10th Cir. 2021) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)) (quoting *United States v. Wring*, 848 F.2d 1274, 1286 (10th Cir. 2017)). Waiver in district court

6

bars appellate review. *See, e.g.*, *United States v. West*, 550 F.3d 952, 959 (10th Cir. 2008).

Mr. Hipolito-Simon "d[id] not object before the district court to the factual predicate for application of a sentencing enhancement" or any other facts contained in the presentence report. Aplt. Br. at 18; *see* ROA, Vol. II at 6. He therefore waived the right to appeal the sufficiency of the facts underlying his sentence. *See West*, 550 F.3d at 957 n.3 ("[Federal Rule of Criminal Procedure] 32 continues to require a defendant, at or before sentencing, to make specific objections to facts contained in the [presentence report]. If a defendant fails to make such an objection, we will deem him to have waived any dispute regarding the facts set forth in the [presentence report]." (citations omitted)). We thus have not identified a non-frivolous argument Mr. Hipolito-Simon could make on appeal to the factual basis for his sentence.

2. **Procedural Unreasonableness**

As the *Anders* brief correctly states, appellate review of procedural reasonableness must be for plain error because Mr. Hipolito-Simon did not challenge the calculation of the Guidelines range or otherwise object on the ground of procedural error. *See United States v. Henson*, 9 F.4th 1258, 1289 (10th Cir. 2021) (collecting cases applying plain-error review to procedural reasonableness), *vacated on other grounds*, 142 S. Ct. 2902 (2022) (mem.).

When reviewing a sentence for procedural reasonableness, we consider whether the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007); *accord United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011).

We have reviewed the sentencing record, including the presentence report and sentencing transcript. We discern no plain error—indeed, no error. *See* ROA, Vol. II at 6-8, 12-13. The district court correctly calculated the Guidelines range. *See id.* at 7. It recognized the Guidelines are "advisory and not mandatory." *Id.* at 12. The court also considered "the relevant [§ 3553(a)] factors," including "the nature and circumstances of the offense, the defendant's history and characteristics[,] the need to avoid unwarranted sentence disparities among similarly situated defendants[,] and the types of sentences available." *Id.* at 7-8; *see also id.* at 12.[3] The court also explained the nature of the illegal re-entry offense and that Mr. Hipolito-Simon's sentence would "serve as an adequate deterrent to this defendant as well as others, promote respect for the law, and provide just punishment for the offense, [and] will also provide protection for the public." *Id.* at 13.

Our review of the record has not identified a non-frivolous argument Mr. Hipolito-Simon could make to challenge the procedural reasonableness of his sentence on appeal.

---

[3] The sentencing court "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *United States v. Cordova*, 461 F.3d 1184, 1188-89 (10th Cir. 2006) (quotations omitted).

3. **Substantive Reasonableness of the Sentence**

"[W]hen the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). We thus review Mr. Hipolito-Simon's challenge to the length of his sentence for abuse of discretion. *United States v. Garcia-Lara*, 499 F.3d 1133, 1135-36 (10th Cir. 2007). "A sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness." *Torres-Duenas*, 461 F.3d at 1183. To rebut that presumption, the defendant must show "that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Mr. Hipolito-Simon's sentence was within the Guidelines range. It is thus presumptively reasonable. *See id.*; *United States v. Durham*, 902 F.3d 1180, 1238 (10th Cir. 2018). We see no way for Mr. Hipolito-Simon to overcome that presumption. He was removed from the United States after he was convicted on a felony drug offense; he illegally re-entered; he was convicted on state felony charges; and upon booking, his illegal re-entry was discovered. The foregoing supports our conclusion that Mr. Hipolito-Simon cannot make a non-frivolous argument on appeal that the district court abused its discretion in imposing a sentence at the high end of the Guidelines range to run consecutively to Mr. Hipolito-Simon's state sentence. The district court's sentence fell within the range of reasonableness.

### C. *Ineffective Assistance of Counsel*

The *Anders* brief also addresses a potential ineffective assistance of counsel claim. Aplt. Br. at 24-25.  But "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  We will consider an ineffective assistance of counsel on direct appeal only if "the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists."  *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011).  Mr. Hipolito-Simon did not raise this issue in district court, nor is there a sufficient factual record.  We thus would not consider an argument about the ineffectiveness of Mr. Hipolito-Simon's counsel on direct appeal.

## III.  CONCLUSION

Our independent review of the record revealed no non-frivolous ground for reversal.  We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

10