**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 15, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID CARR,

    Defendant - Appellant.

No. 23-3127
(D.C. No. 2:19-CR-20079-JAR-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

A jury convicted David Carr of conspiracy to distribute methamphetamine, kidnapping, and use of a firearm in furtherance of a drug trafficking crime. The district court sentenced him to life in prison. He filed a timely notice of appeal. His counsel submitted an *Anders* brief stating this appeal presents no non-frivolous grounds for reversal. After careful review of the record, we agree. Exercising

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

Mr. Carr was indicted on charges of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, kidnapping in violation of 18 U.S.C. § 1201, and use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  At trial, the Government presented evidence that Mr. Carr's co-defendants had given a woman $500 to purchase methamphetamine.  The woman did not return with methamphetamine or the money.  Mr. Carr and his co-defendants detained and tortured the woman's boyfriend, D.B., and demanded she pay $500 for his release.

The jury convicted Mr. Carr on all counts, and the court sentenced him to life under the United States Sentencing Guidelines (the "Guidelines").  Mr. Carr's appointed counsel filed an *Anders* brief reporting that his review of the record found no non-frivolous grounds for appeal.  He also filed a motion to withdraw and provided copies of the brief and motion to withdraw to Mr. Carr.  Mr. Carr filed a response.

## II.  DISCUSSION

Under *Anders v. California*, 386 U.S. 738 (1967), counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).  We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."  *Id.* (citing

2

*Anders*, 386 U.S. at 744). If there are no non-frivolous issues, we may grant counsel's motion to withdraw and dismiss the appeal.

The *Anders* brief here addresses whether there are any non-frivolous arguments to challenge (A) the district court's denial of Mr. Carr's pretrial motion to sever, (B) the court's evidentiary rulings, (C) the jury instruction for kidnapping, (D) the court's denial of Mr. Carr's Rule 29 and Rule 33 motions, and (E) Mr. Carr's sentence. It concludes that each of these potential claims is frivolous.

We agree. Based on our de novo review, we conclude that none of the issues addressed in the *Anders* brief has merit, and we have not detected any other viable issues. In his response to the *Anders* brief, Mr. Carr argues his counsel was ineffective. We generally do not review an ineffective assistance of counsel argument on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We grant counsel's motion to withdraw and dismiss the appeal.

### A. *Motion to Sever*

Mr. Carr moved to sever his trial from two of his co-defendants' trials. The district court denied the motion as moot because Mr. Carr was not tried with those co-defendants. The *Anders* brief concludes that Mr. Carr has no nonfrivolous challenge to the denial. We agree.

### B. *Evidentiary Rulings*

The *Anders* brief considers whether the record provides any grounds to challenge the district court's evidentiary rulings (1) determining how the

3

Government's incarcerated witnesses would testify, (2) sustaining in part the Government's objection to Mr. Carr's cross-examination of D.B. about his prior convictions and a recent arrest, and (3) overruling Mr. Carr's objection to certain Facebook messages and a photo of a pistol. We agree with the *Anders* brief that Mr. Carr has no non-frivolous challenges to these rulings.

"In assessing the district court's [evidentiary] decision[s], we review its legal interpretation of the Federal Rules of Evidence de novo and its application of the rules for abuse of discretion." *United States v. Armajo*, 38 F.4th 80, 84 (10th Cir. 2022).

### 1. Incarcerated Witness Testimony

Mr. Carr moved in limine to exclude evidence from the Government's incarcerated witnesses that would show he was incarcerated before his trial, arguing such a disclosure would be unduly prejudicial. The Government agreed to caution its incarcerated witnesses not to mention that any communications with Mr. Carr happened in prison but noted they would testify in their prison clothes. The district court decided to address this issue at trial.

At trial, the court ruled that none of the Government's witnesses could testify that Mr. Carr was incarcerated before trial. It permitted the witnesses to testify in prison clothing but cautioned the Government against asking how long they had been in custody or whether any conversations they had with Mr. Carr occurred while they were incarcerated.

4

The district court struck a proper balance under Federal Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The incarcerated witnesses' testimony was highly probative because they testified to the events of the kidnapping and Mr. Carr's later admission of his crimes. The district court mitigated any danger of unfair prejudice by prohibiting testimony that Mr. Carr was incarcerated or that the witnesses had spoken with Mr. Carr while they were incarcerated. The *Anders* brief concludes that Mr. Carr has no meritorious argument that the district court abused its discretion, and so do we.

2. **D.B.'s Convictions and Arrest**

The district court limited Mr. Carr's attempt to cross-examine D.B. about D.B.'s previous convictions and recent arrest.

On the prior convictions, the Government objected that Mr. Carr was not "entitled to get into the underlying facts for impeachment." ROA, Vol. III at 621. The court sustained the objection. It agreed with the Government that under Federal Rule of Evidence 609, Mr. Carr could "get into any convictions for felonies or crimes of dishonesty" but not "the underlying facts." *Id.* at 621-22. If Mr. Carr appealed this issue, he could not overcome our holding that there was "no abuse of discretion in [a] court's decision to prohibit [a party] from eliciting the *specific facts and circumstances* underlying [a witness]'s conviction." *United States v. Lopez-Medina*, 596 F.3d 716, 738 (10th Cir. 2010).

5

On the recent arrest, which had not led to a charge or conviction, the court agreed with the Government that Rule 609 did not allow Mr. Carr to question D.B. about "the circumstances as to why he was in jail on . . . unconvicted conduct." ROA, Vol. III at 623. Mr. Carr argued that evidence of D.B.'s recent arrest was admissible under Federal Rule of Evidence 404(b) because it "[went] to motive and bias." *Id.* at 622. The court allowed only limited questioning on "whether [D.B] was aware that [his girlfriend] reached out to law enforcement to try to perhaps get herself help or him help since he was in jail" following the recent arrest. *Id.* at 623.

We agree with the *Anders* brief that Mr. Carr has no non-frivolous argument to challenge the court's evidentiary rulings on these matters.

### 3. Facebook Messages and Photo

Mr. Carr objected to the admission of his Facebook messages "about an alleged potential gun sale," arguing that the conversation was inadmissible hearsay. *Id.* at 1502. The district court gave "a limiting instruction only to consider the statements of Mr. Carr," which were admissible as party admissions under Federal Rule of Evidence 801(d)(2) and not to consider the hearsay statements of the other person, which were inadmissible under Rules 801(c) and 802. *Id.* at 1506. We "presume[] that jurors will attend closely the particular language of such instructions in a criminal case." *Samia v. United States*, 599 U.S. 635, 646 (2023) (alterations and quotations omitted). Like the *Anders* brief, we see no ground to challenge on appeal how the district court handled the hearsay objection.

6

Mr. Carr also objected to the admission of his messages about the alleged potential gun sale and a photograph of a pistol that he sent to his father, contending this evidence was "more prejudicial than probative." ROA, Vol. III at 1502; *id.* at 1503-04. The district court disagreed, finding that the messages and the photo were "probative of whether Mr. Carr was in possession of a firearm on April 18th," *id.* at 1504, and their "probative value" was not "substantially outweighed by a danger of . . . unfair prejudice," Fed. R. Evid. 403. We discern no viable argument that the court abused its discretion.

\* \* \* \*

The *Anders* brief and our review of the record have not identified a non-frivolous argument to challenge the district court's evidentiary rulings.

## C. *Jury Instruction*

The *Anders* brief concludes the record lacks support for any challenge to the jury instruction for kidnapping because the jury instruction correctly stated the law. We agree.

Mr. Carr informed the Government that he intended to propose Tenth Circuit Pattern Instruction 2.55 (2021), which includes the following elements of kidnapping:

> *Third:* the defendant willfully transported the person kidnapped; and
>
> *Fourth*: the transportation was in interstate . . . commerce [or] the offender traveled in interstate . . . commerce or used the mail or any means, facility, or instrumentality of

7

> interstate . . . commerce in committing or in furtherance of
> the offense.

The Government objected because the third element of "the Tenth Circuit Pattern Instruction only covers . . . transportation" and not "the use of 'any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.'" ROA, Vol. I at 192 (quoting 18 U.S.C. § 1201(a)(1)). Mr. Carr ultimately did not propose a jury instruction on kidnapping.

The district court instructed the jury that to find Mr. Carr guilty of kidnapping, it must find:

> *First*, the defendant, knowingly acting contrary to law, kidnapped the person described in the Indictment by seizing, confining, or holding him as charged;
>
> *Second*, the defendant kidnapped the person for ransom, reward, or otherwise; and
>
> *Third*, the defendant willfully used a means, facility, or instrumentality of interstate commerce or in furtherance of the commission of the offense.

*Id.* at 260. It noted that "[u]sing an instrumentality of interstate commerce is an alternative" for the transportation element. ROA, Vol. III at 1554-55.

"We review . . . jury instructions . . . to determine if they accurately state the governing law . . . ." *United States v. Freeman*, 70 F.4th 1265, 1278 (10th Cir. 2023) (quotations omitted). Because Mr. Carr did not object to the kidnapping instruction before the district court, we would review for plain error. *United States v. Olano*, 507 U.S. 725, 730-31 (1992). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness,

8

integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quotations omitted).

Title 18 U.S.C. § 1201 criminalizes kidnapping when "the person is willfully transported in interstate or foreign commerce . . . *or* the offender . . . uses the mail or any means, facility, or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1) (emphasis added); *see also United States v. Morgan*, 748 F.3d 1024, 1031-32 (10th Cir. 2014).

The jury instruction correctly stated the law. The district court did not err, let alone plainly err. Our review of the record did not identify a non-frivolous argument to challenge the kidnapping instruction or any other jury instruction.

### D. *Rule 29 and Rule 33 Motions*

After the prosecution presented its case, Mr. Carr moved for acquittal during trial under Rule 29, arguing the evidence was insufficient to support any convictions. After the jury returned its verdict, he filed a written motion for acquittal under Rule 29 and, in the alternative, a new trial under Rule 33 on the grounds that the jury improperly deliberated. The *Anders* brief concludes that the record does not support an appeal of the district court's denial of these motions, and we agree.

#### 1. **Sufficiency of the Evidence**

"We review de novo whether the government presented sufficient evidence to support a conviction." *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007) (quotations omitted). "In so doing, we view the facts in evidence in the light most favorable to the government." *Id.* (quotations omitted). "We will not weigh

9

conflicting evidence or second-guess the fact-finding decisions of the jury," *id.*
(quotations omitted), and we defer to the jury's assessment of a witness's credibility,
*United States v. Rodriguez-Flores*, 907 F.3d 1309, 1312 (10th Cir. 2018).

a. *Conspiracy to distribute and possess with intent to distribute methamphetamine*

To convict on conspiracy, "the [G]overnment had to prove that (1) two or
more persons agreed to violate the law, (2) [Mr. Carr] knew the essential objectives
of the conspiracy, (3) [Mr. Carr] knowingly and voluntarily participated in the
conspiracy, and (4) the alleged co[]conspirators were interdependent." *United States
v. Marquez*, 898 F.3d 1036, 1041-42 (10th Cir. 2018) (quotations omitted).  Mr. Carr
argued the evidence was insufficient to show an agreement to distribute and possess
with intent to distribute methamphetamine because the Government relied on
testimony from Mr. Carr's former co-defendant, who had entered a guilty plea and
was cooperating with the Government, that Mr. Carr had approved a drug transaction.

On a sufficiency challenge, "we do not . . . consider the credibility of
witnesses." *United States v. Franklin-El*, 555 F.3d 1115, 1121-22 (10th Cir. 2009)
(quotations omitted).  The jury found the former co-defendant's testimony
establishing an agreement to distribute and possess methamphetamine was credible,
and we "must defer to [its] resolution." *Id.* at 1122 (quotations omitted).

The record does not support a nonfrivolous sufficiency challenge to Mr. Carr's
conspiracy conviction.  Mr. Carr did not challenge any other elements of this

conviction, and our review of the record has not identified a meritorious basis to do so.

b. *Kidnapping*

The *Anders* brief considers whether the record supports arguments that the Government failed to prove that Mr. Carr (i) had specific intent to use a cell phone to further the kidnapping, (ii) transported D.B., and (iii) received a ransom. The *Anders* brief finds no meritorious arguments, and neither do we.

i. Specific intent

In his Rule 29 motions, Mr. Carr argued the Government failed to show the willful use of an instrumentality in interstate commerce. This court has not held that the kidnapping statute, 18 U.S.C. § 1201, requires specific intent to use an instrumentality in interstate commerce. *See United States v. Gabaldon*, 389 F.3d 1090, 1094 n.1 (10th Cir. 2004). But if specific intent is required, a reasonable jury could find beyond a reasonable doubt that Mr. Carr had specific intent. Multiple witnesses testified that he used a cell phone to tell D.B.'s girlfriend that if she did not bring money, he and his co-defendants would continue to torture D.B.

ii. Transportation

The *Anders* brief characterizes Mr. Carr's Rule 29 motion at trial as "seeming to argue that the conviction depended on 'transporting' the victim." Br. at 9; *see* ROA, Vol. III at 1542-43. As discussed above, a kidnapping conviction under 18 U.S.C. § 1201 does not require that the defendant transport the victim in interstate commerce. It is sufficient that "the offender . . . uses the mail or any means, facility,

11

or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." 18 U.S.C. § 1201(a)(1); *see also Morgan*, 748 F.3d at 1031-32.

      iii.  <u>Ransom</u>

Mr. Carr also argued the Government did not prove he was paid a ransom. But the kidnapping statute does not require that a defendant receives a ransom payment, only that the defendant "holds [a person] for ransom or reward or otherwise." 18 U.S.C. § 1201(a). In any case, the trial evidence otherwise supports that Mr. Carr sought and received a ransom. D.B.'s girlfriend testified that someone called her and said "he wanted his freaking money and that [she] had an allotted amount of time to get it back to him." ROA, Vol. III at 691; *see also id.* at 1119, 1155 (other witnesses' testimony to the same). She texted another woman saying, "[D]o you wanna explain to D.B.'s dad why his son is being held hostage and being tortured and will be killed unless I give him that money?" *Id.* at 707-08. And D.B. testified that before he was released, he heard "a female's voice talking about here's your . . . money." *Id.* at 424; *see id.* at 425-26, 617-18, 807. Another witness testified that a woman "came in" and "threw some money on the floor" saying "here's [Mr. Carr]'s f-ing money." *Id.* at 1319.

*   *   *   *

Our review of the record shows no support for a sufficiency challenge to Mr. Carr's kidnapping conviction.

c. *Use of a firearm in furtherance of a drug trafficking crime*

To convict on use of a firearm in furtherance of a drug trafficking crime, the Government had to show "(1) Mr. [Carr] committed a drug trafficking offense . . . ; (2) Mr. [Carr] knowingly carried a firearm; and (3) Mr. [Carr] carried a firearm during and in relation to the [trafficking offense]." *United States v. Banks*, 451 F.3d 721, 726 (10th Cir. 2006). Because the evidence was sufficient to support Mr. Carr's conspiracy conviction, the Government met the first element. On the other two elements, the Government presented D.B.'s and other witnesses' testimony that Mr. Carr was holding a pistol and "making it known that it was there," ROA, Vol. III at 522; *see id.* at 927, 1002, and that Mr. Carr hit D.B. with the pistol and shot him twice, *id.* at 613, 415, 789, 1118. The record does not support a sufficiency challenge to Mr. Carr's firearm conviction.

2. **Jury Deliberations**

The *Anders* brief also considers whether the record supports a challenge to the jury's deliberations. It concludes it does not, and we agree.

a. *Prejudice*

After opening statements and one witness's testimony, jurors expressed concern for their safety because Mr. Carr knew their names. The court held a hearing with the jurors and counsel, and it removed one juror at Mr. Carr's request. In his Rule 33 motion for a new trial, Mr. Carr argued the remaining jurors were prejudiced.

"To establish actual prejudice, [Mr. Carr] must demonstrate the actual existence of an opinion in the mind of the juror[s] that shows partiality." *United*

13

*States v. Perrault*, 995 F.3d 748, 762 (10th Cir. 2021) (alteration and quotations omitted). The court and the parties examined the jurors about any prejudice. The court found no evidence of partiality apart from the removed juror. Mr. Carr approved the remaining jurors. The record does not support an argument "that the jurors who convicted [Mr. Carr] harbored biases that rendered them unfit to serve." *Id.* at 764.

b. *Failure to properly deliberate*

The *Anders* brief addresses whether the record provides any ground to support Mr. Carr's "speculat[ion] that the jury failed to properly deliberate because they were anxious about a Kansas City Chiefs Super Bowl parade the following day." Br. at 11-12. The district court instructed the jury that any "verdict must represent the considered judgment of each juror." ROA, Vol. I at 293. "[J]urors are presumed to follow the judge's instructions." *United States v. Sorenson*, 801 F.3d 1217, 1242 (10th Cir. 2015) (quotations omitted). Further, the court explained that "[t]he jury asked . . . if they could stay late [to deliberate] if they wanted to," ROA, Vol. III at 1564-65, and Mr. Carr's co-defendant noted his "understanding . . . that the jurors were indifferent about . . . the parade," *id.* at 1565. The record does not support an argument that the jury did not properly deliberate.

## E. *Sentencing*

The *Anders* brief addresses whether the record provides any ground to challenge (1) Mr. Carr's sentencing enhancements or (2) the substantive reasonableness of his sentence. The *Anders* brief concludes it does not. We agree.

14

1. **Sentencing Enhancements**

"When evaluating sentence enhancements under the . . . Guidelines, [we] review[] the district court's factual findings for clear error . . . ." *United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022). "If a defendant properly objects to a fact . . . , the government must prove that fact . . . by a preponderance of the evidence." *Id.* (quotations omitted). "The government can meet its burden by . . . referring to evidence presented at trial." *Id.*

Mr. Carr objected to a six-level enhancement for demanding a ransom and a two-level enhancement for using a dangerous weapon. He argued the evidence failed to show he did either. The district court overruled these objections based on trial evidence showing Mr. Carr demanded a ransom and beat, stabbed, or shot D.B. For the reasons discussed above, the trial evidence supports both findings by a preponderance of the evidence. The district court did not clearly err in finding Mr. Carr subject to the enhancements.

Mr. Carr also objected to a two-level enhancement for obstruction of justice based on his ordering someone to burn down the house where D.B. was held. The district court found the evidence supported this enhancement, noting a witness's testimony "that [Mr.] Carr directed and told him to [burn down the house], picked him up afterwards, [and] continued to intimidate and threaten him." ROA, Vol. III at 1677. It also noted "phone calls and cell tower records," along with other witnesses' testimony, "corroborated" this testimony. *Id.* The Government proved by

a preponderance of the evidence that Mr. Carr ordered the house burned down. The district court did not clearly err.

The record does not support a non-frivolous challenge to Mr. Carr's sentencing enhancements.

## 2. **Substantive Reasonableness**

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Begaye*, 635 F.3d 456, 461 (10th Cir. 2011) (quotations omitted). "A sentence within a properly calculated Guidelines range is entitled to a presumption of reasonableness." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). A defendant can rebut the presumption by showing "that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam).

Mr. Carr's life sentence was within the properly calculated Guidelines range. Mr. Carr moved for a downward variance. The district court denied the variance, finding it unsupported by any 18 U.S.C. § 3553(a) factor. After a careful review of the sentencing record, we conclude the district court did not abuse its discretion in finding no § 3553(a) factor rendered the Guidelines sentence unreasonable. The

record does not support a non-frivolous challenge to the reasonableness of Mr. Carr's sentence.[1]

## F. *Ineffective Assistance of Counsel*

In his response to the *Anders* brief, Mr. Carr argues his trial counsel was ineffective. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Galloway*, 56 F.3d at 1240. We consider an ineffective assistance claim on direct appeal only if "the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Mr. Carr did not raise ineffective assistance before the district court. We would not consider an argument about Mr. Carr's counsel's ineffectiveness on direct appeal.

---

[1] The *Anders* brief also notes that it found "no basis for challenging the procedural reasonableness of the sentence." Br. at 14. We agree.

## III. **CONCLUSION**

Our independent review of the record reveals no non-frivolous ground for reversal. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge